IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA MAGDALENA GUTIERREZ, § § Plaintiff, § § v. § § UNITED STATES DEPARTMENT § OF HOMELAND SECURITY, § § Defendant. § § | CASE NO: 3:06-CV-0328-M |

## DEFENDANT'S BRIEF

Defendant, United States Department of Homeland Security, by and through the United States Attorney for the Northern District of Texas, files this Defendant's Motion for Summary Judgment pursuant to Rule 56© of the Federal Rules of Civil Procedure, and requests that Plaintiff's Freedom of Information Act claim be dismissed.

### I. INTRODUCTION

On March 4, 2005, Plaintiff, Maria Magdalena Gutierrez filed a Freedom of Information/Privacy Act request for all records in Defendant's possession that pertain to her. Specifically, Plaintiff requested copies of her I-589, Application for Asylum and Withholding of Removal that she filed in Los Angeles, California during 1997. In a letter dated March 11, 2005, the United States Citizenship and Immigration Services advised

Plaintiff that her request was being handled under the FOIA, 5 U.S.C. § 552, and that her request had been placed on the simple track.

In a letter dated July 26, 2005, the USCIS identified 54 pages that pertained to the FOIA request and provided Plaintiff with 44 pages in their entirety, and 8 pages in part. (*See* Defendant's FOIA disclosure, attached as Exhibit number 3, *filed under seal*). The USCIS withheld 2 pages in full, and stated that one page was exempt from disclosure under 5 U.S.C. § 552(b)(7)(e), and that portions were redacted according to 5 U.S.C. § 552(b)(6). Lastly, the remaining information contained internal rules or practices of the agency, and was withheld under 5 U.S.C. § 522(b)(2).

On August 10, 2005, Plaintiff filed a notice of appeal, claiming that a partial denial of her FOIA request had occurred, since the additional 10 pages had not been provided by USCIS. On August 24, 2005, USCIS advised Plaintiff that it has received her administrative appeal and that she would be notified about the decision regarding her appeal.

In a letter dated January 13, 2006, USCIS advised Plaintiff that her FOIA request was currently number 1969 on the list of 2269 pending cases to be worked. In a letter dated January 26, 2006, counsel for Plaintiff advised Defendant that since she had an upcoming removal hearing, that he would seek relief in the United States District Court. On February 21, 2006, Plaintiff filed the instant suit.

**Defendant's Brief - Page 2**

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff has failed to show that Defendant's search for documents requested under the Freedom of Information Act was inadequate and undertaken in bad faith

Summary judgement should be rendered when the pleadings and evidence establish that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56©; Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995). All evidence and the inferences to be drawn therefrom must be viewed in the light most favorable to the party opposing the motion. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

"Summary judgment is available to the defendant in a FOIA case when the agency proves that it has fully discharged its obligation under FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester." *Miller v. U.S. Department of State*, 779 F.2d 1378, 1382 (8th Cir. 1985); *citing Weisberg v. U.S. Department of Justice*, 705 F.2d 1344, 1350 (D.C. Cir. 1983). The agency may prove the reasonableness of its search through submission of detailed, non-conclusory affidavits or declarations which identify the documents at issue and explain why the documents were not released. *King v. United States*, 830 F.2d 210, 217 (D. C. Cir. 1987). The reviewing court views the facts and all reasonable inferences in a light most favorable to the requester. *Pollack v. U. S. Bureau of Prisons*, 879 F.2d 406, 409 (8th Cir. 1989).

Defendant's Brief - Page 3

In the present case, Defendant, in the letter dated July 26, 2005, stated that each document requested by Plaintiff had been provided or was exempt from disclosure according to 5 U.S.C. §§ 552(b)(7)(e), (b)(6), and (b)(2). (*See* Plaintiff's Original Complaint, Appendix 4). Additionally, Defendant has clearly established that it made a diligent search for the asylum applications filed by Plaintiff under her A number, in the Refugee Asylum and Parole System database. (*See* Declaration of Richard S. Rhodie, attached as Defendant's Exhibit number 2). Defendant has only one asylum application for Plaintiff in their database, which was filed on October 7, 1997. (*See* Written Memorandum dated March 23, 2006, attached as Defendant's Exhibit number 1).

Plaintiff, in her complaint has not contradicted Defendant's account of the search procedure or by raising evidence of the agency's bad faith. *Miller*, 779 F.2d at 1383. The Defendant, in the above mentioned letter dated July 26, 2005 has released the requested copies; 44 pages in their entirety, and 8 pages in part, and withheld 2 pages in full. As such, Defendant is entitled to summary judgment.

    Respectfully submitted,

    RICHARD B. ROPER
    United States Attorney

    FRANK D. ABLE
    Assistant United States Attorney
    Texas State Bar No. 00810250
    1100 Commerce Street, 3rd Floor
    Dallas, Texas 75242-1699
    Telephone: 214.659.8610
    Facsimile: 214.767.2916

    ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail this 27th day of March 2006, on counsel of record.

John Wheat Gibson, P.C.
701 Commerce, Suite 110
Dallas, Texas 75202

_____
FRANK D. ABLE
Assistant United States Attorney



U.S. Citizenship and
Immigration Services

Office of the Regional Counsel

7701 N. Stemmons, Fwy., 8th Fl
Dallas, Texas 75247
(214)905-5324

March 23, 2006

MEMORANDUM FOR    Frank Able
                               AUSA, USO, DOJ - DAL

FROM:                   William L. Finley
                               Deputy Regional Counsel

SUBJECT:             Mandamus – Maria Magdalena GUTIERREZ
                               3-06CV0328-M; A75 352 024

Attached is a declaration from a supervisory asylum officer confirming that the Agency only has one asylum application for Ms. Gutierrez in our database, which was filed on October 7, 1997. I have the alien file and it contains the 1997 application. There was no other asylum application and no reference to any earlier filed asylum application.

Exhibit 1

## DECLARATION OF RICHARD S. RHODIE

I, Richard S. Rhodie declare as follows:

1. I am employed by United States Citizenship and Immigration Services ("USCIS"), Department of Homeland Security, Houston Asylum Office as a Supervisory Asylum Officer. I have held this position since August 2004. I have been employed by USCIS and legacy Immigration and Naturalization Service since 1997 in the positions of Asylum Officer, Quality Assurance and Training Officer and Supervisory Asylum Officer. I serve as Supervisory Asylum Officer at the Houston Asylum Office with a jurisdiction covering the ten states of Arkansas, Colorado, Louisiana, Mississippi, New Mexico, Oklahoma, Tennessee, Texas, Utah and Wyoming.

2. I have searched for asylum applications filed by Maria M. Gutierrez, A75-362-024, in the Refugee Asylum and Parole System (RAPS) database. This data base tracks the processing of affirmative asylum and Suspension/Special Rule Cancellation (NACARA) applications through the affirmative asylum process. This database records all applications asylum, filed after 1991, however any pending asylum applications filed prior to 1991 were keyed into RAPS. The RAPS system indicates that Maria M. Gutierrez, A75-362-024 filed an asylum application on 10/07/1997. There is no record of any other asylum application filed by Ms. Gutierrez with this Agency, or with legacy Immigration and Naturalization Service.

1

Exhibit 2

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of March, 2006 at Houston, Texas.

Richard S. Rhodie
Supervisory Asylum Officer
Houston, Texas

2